Cite as: 604 U. S. \_\_\_\_ (2025)    1

# SUPREME COURT OF THE UNITED STATES

MICHAEL BASSEM RIMLAWI

24–23    *v.*

UNITED STATES


MRUGESHKUMAR KUMAR SHAH

24–25    *v.*

UNITED STATES


JACKSON JACOB

24–5032    *v.*

UNITED STATES

ON PETITIONS FOR WRITS OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

Nos. 24–23, 24–25 and 24–5032.    Decided February 24, 2025

The petitions for writs of certiorari are denied.

JUSTICE GORSUCH, dissenting from the denial of certiorari.

The Fifth Circuit held that a judge may order restitution in a criminal case based on his own factual findings, without the aid of a jury. 95 F. 4th 328, 389 (2024). About that, I have my doubts. See *Hester* v. *United States*, 586 U. S. 1104, 1106–1107 (2019) (GORSUCH, J., dissenting from denial of certiorari).

Consistent with the Sixth Amendment's promise of a trial by jury, this Court has held that "[o]nly a jury may find 'facts that increase the prescribed range of penalties to which a criminal defendant is exposed.'" *Erlinger* v. *United States*, 602 U. S. 821, 833 (2024) (quoting *Apprendi* v. *New Jersey*, 530 U. S. 466, 490 (2000)). That means a jury must find both those facts that increase a criminal defendant's exposure to imprisonment and any facts that increase his

exposure to monetary fines. See *Southern Union Co.* v. *United States*, 567 U. S. 343 (2012). If all that is true, it is difficult to see how a judge's factual findings might suffice to increase a criminal defendant's exposure to a restitution award. As this Court has recognized, "the scope of the constitutional jury right must be informed by the historical role of the jury at common law." *Id.*, at 353 (internal quotation marks omitted). And more than a little evidence suggests that, at the time of the founding, juries found the facts needed to justify criminal restitution awards. See *Hester*, 586 U. S., at 1107 (opinion of GORSUCH, J.); see also *Apprendi*, 530 U. S., at 502 (THOMAS, J., concurring); Pet. for Cert. 10–12.

I would have granted review in this case to resolve whether the Fifth Circuit's decision comports with this Court's precedents and the Constitution's original meaning. In the absence of this Court's review, I can only hope that federal and state courts will continue to consider carefully the Sixth Amendment's application to criminal restitution orders. Cf. *State* v. *Davison*, 973 N. W. 2d 276, 279 (Iowa 2022) ("restitution must be based on jury findings"). The right to trial by jury should mean no less today than it did at the Nation's founding. See *Hester*, 586 U. S., at 1107 (opinion of GORSUCH, J.).